### TERESA BLACKWELL ET AL. *v.* TODD BRYANT ET AL. (15920)

Spear, Hennessy and Stoughton, Js.

---

Argued March 5—officially released April 29, 1997

*Susan King Shaw*, for the appellants (plaintiffs).

*Paul T. Edwards*, for the appellee (defendant ELRAC, Inc.).

*Opinion*

HENNESSY, J. The plaintiffs, Teresa Blackwell and Edwin Blackwell, appeal from the judgment of the trial court granting summary judgment in favor of the

defendant ELRAC, Inc., doing business as Enterprise Rent-A-Car.[1] On appeal, the plaintiffs claim that the trial court improperly granted summary judgment because (1) the rental contract was not dispositive of the defendant's liability as a matter of law, (2) an issue of material fact existed as to whether Edwin Blackwell was able to operate the rental vehicle safely on the night of the accident and (3) it failed to consider whether the defendant unreasonably or unconscionably attempted to restrict the class of authorized users of the vehicle.

The following facts are pertinent to the resolution of the issues. On July 2, 1992, Edwin Blackwell and Todd Bryant went to the defendant's office in Hamden to rent a vehicle. Edwin Blackwell informed the defendant's agent that he and his mother, Teresa Blackwell, needed the car to drive to South Carolina to attend a wedding. He also indicated that he wanted Bryant to be an authorized driver of the rental car. The agent, however, typed the words "no others" into the space in the permission box authorizing additional drivers. On the return trip from South Carolina on July 6, 1992, the vehicle was involved in an accident. At the time of the accident, Bryant was driving the rental car, and Teresa and Edwin Blackwell were passengers. Both of the plaintiffs were injured as a result of the accident.

The plaintiffs subsequently brought an action against Bryant for negligent operation of the vehicle and against the defendant pursuant to General Statutes § 14-154a.[2] The trial court denied the defendant's motion for summary judgment, holding that a genuine issue of material

[1] The plaintiffs withdrew their claims against the named defendant, Todd Bryant. In this opinion, we refer to ELRAC as the defendant.

[2] General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

fact existed as to whether Bryant had the authority to operate the vehicle. The defendant again moved for summary judgment claiming that the decision in *Pedevillano* v. *Bryon*, 231 Conn. 265, 648 A.2d 873 (1994), controlled the outcome of this case. After a hearing, the trial court granted the defendant's motion.[3]

We must first decide whether this appeal is moot because the plaintiffs withdrew their claim against Bryant. "Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citations omitted; internal quotation marks omitted.) *Ayala* v. *Smith*, 236 Conn. 89, 93, 671 A.2d 345 (1996).

The defendant argues that under § 14-154a, its potential liability is equivalent to that of the operator if the operator had been the owner of the vehicle. Accordingly, because Bryant, the operator of the vehicle, bears no further liability to the plaintiffs, the defendant maintains that it can bear no further liability under the statute. We disagree with the defendant's interpretation of § 14-154a.

The defendant cites no authority in support of its position. In fact, the case law does not support its argument. In *Hughes* v. *National Car Rental Systems, Inc.*, 22 Conn. App. 586, 577 A.2d 1132 (1990), the plaintiff brought a claim against the owner of a vehicle under § 14-154a without filing suit against the driver of the vehicle. Moreover, the purpose of the statute would be

---

[3] The judgment was subsequently affirmed after the trial court granted Bryant's motion for reargument and heard additional argument on the summary judgment motion.

furthered by permitting a plaintiff to file an action against an owner independent of any action against the operator.[4] For these reasons, we conclude that the appeal is not moot.

We next address the plaintiffs' claim that the trial court improperly granted summary judgment and found the defendant not liable solely on the basis of the terms of the rental contract. The plaintiffs maintain that in *Pedevillano* v. *Bryon*, supra, 231 Conn. 265, and its Superior Court progeny, our courts have recognized a variety of factual situations relative to contract interpretation, performance and formation that are material for purposes of determining the owner's liability under § 14-154a. They further argue that, here, the trial court should have conducted a factual inquiry as to the circumstances surrounding the formation and execution of the rental contract to determine whether Bryant was an authorized driver, instead of relying solely on the terms of the contract. We disagree.

In *Pedevillano*, the plaintiff argued that, literally construed, § 14-154a imposes unconditional liability on a lessor for injuries caused by any user of the lessor's vehicles. Our Supreme Court readily disposed of this broad contention stating: "We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one *in lawful possession of it pursuant to the terms of the contract of rental.*" (Emphasis in original.) Id., 268. The court also

---

[4] In *Fisher* v. *Hodge*, 162 Conn. 363, 369, 294 A.2d 577 (1972), our Supreme Court stated that "[t]he purpose of the statute was not primarily to give the injured person a right of recovery against the tortious operator of the car, but to protect the safety of traffic upon highways by providing an incentive to him who rented motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented vehicles."

rejected the plaintiff's contention that § 14-154a imposes unlimited liability on any lessor for injuries caused by a person who uses the vehicle with the permission of an authorized lessee. Id.[5] Here, the rental contract clearly provided that no one other than Edwin Blackwell was authorized to operate the vehicle. Furthermore, *Pedevillano* makes clear that the lessor is not liable under the statute even when the lessee allows another party to drive the vehicle. Thus, Bryant was not in lawful possession of the vehicle under the terms of the contract. The trial court properly concluded that the defendant was not liable under § 14-154a solely on the basis of the terms of the lease agreement.

In the plaintiffs' second claim on appeal, they maintain that the existence of an emergency situation was a genuine issue of material fact with respect to the liability of the rental company, rendering summary judgment inappropriate. We disagree.

The plaintiffs argue that an emergency situation existed because Edwin Blackwell was too tired to operate the rental car safely, and, therefore, Bryant was compelled to drive the vehicle. Thus, they contend that the defendant remains liable under § 14-154a. We conclude that the trial court correctly ruled that the plaintiff's claimed exhaustion was insufficient to give rise to such an emergency exception as a matter of law. Even if we accept as true that Edwin Blackwell believed that he was too tired to drive, he nevertheless could have stopped to rest. Such a situation does not create an issue of material fact as to whether there was an

---

[5] We note that in *Pedevillano*, our Supreme Court overruled certain dictum from *Fisher* v. *Hodge*, supra, 162 Conn. 363, in which the court had stated that § 14-154a imposes liability on a lessor "regardless of the provisions of the rental contract restricting the use of the automobile to specified individuals . . . ." Id., 368–69. The Supreme Court ruled that that dictum was inconsistent with its decisions in preceding and subsequent cases. *Pedevillano* v. *Bryon*, supra, 231 Conn. 270 n.3.

emergency warranting an unauthorized driver to operate the vehicle.

The plaintiffs' final claim is that summary judgment was improper because they raised genuine issues of material fact concerning the defendant's restriction of authorized drivers. The plaintiffs argue that the defendant's failure to authorize Bryant as a driver or to provide for others to drive in emergency situations was unconscionable or unreasonable or both. The plaintiffs, however, failed to cite adequately either factual or legal support for their claim that the rental provision disallowing additional drivers was unreasonable or unconscionable. We conclude that these issues are not adequately briefed; therefore, we will not review them. See *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 47, 668 A.2d 1346 (1996).

The judgment is affirmed.

In this opinion the other judges concurred.