[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT #106
The plaintiffs, Dameion Bevel and Kisha Armstead, filed an eight-count complaint against the defendants, Rosa Annetta (Annetta), Natasha S. Geter (Geter), Ford Motor Credit Co. (Ford) and Enterprise Rent-A-Car (Enterprise), on June 19, 1997. The plaintiffs allege that on November 30, 1995, they were passengers in an automobile being operated by Geter when an automobile being operated by Annetta and owned by Ford collided with the automobile they were riding in, causing them injuries. The plaintiffs' have brought this action against Annetta, the driver of the other automobile, Ford as the owner of Annetta's automobile, Geter as the driver of the automobile they were traveling in, and Enterprise, the owner of the automobile being operated by Geter.
On September 18, 1997, Enterprise filed a motion for summary judgment directed to the seventh and eighth counts of the complaint. The seventh count, brought by plaintiff Damieon Bevel, is against defendant Enterprise pursuant to § 52-183
and/or § 14-154(a); the eighth count, against Enterprise as well, is brought by plaintiff Kisha Armstead.
The plaintiffs filed a one-paragraph objection to the motion for summary judgment on September 26, 1997, arguing that § 14-154a is applicable here, and that a question of fact remains as to whether Geter was an authorized operator of the automobile.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a CT Page 1391 matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.)Thompson Peck, Inc. v. Division Drywall, Inc., 241 Conn. 370,374, 696 A.2d 326 (1997).
Enterprise argues that the negligence of Geter as the driver may not be imputed to Enterprise as the owner of the automobile in which the plaintiffs were injured pursuant to General Statutes §§ 52-183 and/or 14-154a, because Geter was not an authorized driver of the automobile at the time of the collision pursuant to § 14-154a,[1] and because § 52-183[2] does not apply in the context of leased automobiles.[3]
The Supreme Court has "consistently construed [§ 14-154a] as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one inlawful possession of it pursuant to the terms of the contract ofrental." (Internal quotation marks omitted.) Blackwell v.Bryant, 45 Conn. App. 26, 30, 692 A.2d 862 (1997). InBlackwell, "the rental contract clearly provided that no one other than Edwin Blackwell was authorized to operate the vehicle. Furthermore, [Pedevillano v. Bryon, 231 Conn. 265,648 A.2d 873 (1994)] makes clear that the lessor is not liable under the statute when the lessee allows another party to drive the vehicle. Thus, Bryant was not in lawful possession of the vehicle under the terms of the contract. The trial court properly concluded that the defendant was not liable under §14-154a solely on the basis of the terms of the lease agreement." Id., 31.
"Section 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the `agent and servant of the owner of the motor vehicle and operating it in the course of his employment.' The presumption ceases to operate, however, `when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff . . . ."' (Internal quotation marks omitted.)Felsted v. Kimberly Auto Services Inc., 25 Conn. App. 665, 670,596 A.2d 14 (1991).
Palmer v. Alvarez, Superior Court, judicial district of CT Page 1392 Stamford/Norwalk at Stamford, Docket No. 154434 (April 16, 1997, D'Andrea, J.) is factually and procedurally indistinguishable in key respects from the case at bar. In Palmer, the plaintiffs were struck by a car owned by Enterprise, rented by Buntzman and driven by the defendant, Alvarez. The plaintiffs alleged that Enterprise was liable to the plaintiffs pursuant to § 52-183. In granting Enterprise's motion for summary judgment, the court found that based upon the rental agreement and the affidavit of Marybeth Phillips, a loss control manager of Enterprise, Buntzman was the only authorized operator of the vehicle, and therefore Enterprise could not be held liable for the actions of Alvarez. The court further found that Enterprise's unopposed offer of evidence that Alvarez was not an employee, agent or servant of Enterprise precluded Enterprise from being held liable pursuant to § 52-183.
In support of its motion, Enterprise has submitted a copy of the rental agreement it had with the renter, Joeann Bennett, dated November 29, 1995. The rental agreement states "Additional Driver — None Permitted Without Enterprise's Approval. No Other Driver Permitted." This section was initialed by "J.B." In further support of its position, Enterprise has submitted the affidavit of Marybeth Phillips, again in her capacity as loss control manager. Phillips attests that Bennett was the only authorized operator of the rental automobile pursuant to the rental agreement, that the rental agreement was the only agreement between Bennett and Enterprise, and that Enterprise never authorized or approved Geter to operate the automobile. Therefore, Enterprise would not be liable for the plaintiff's alleged injuries pursuant to § 14-154a. Phillips further attests that Geter was not an employee, agent or servant of Enterprise on November 30, 1995, and that at the time of the collision, Geter was not operating the automobile at the request or direction of Enterprise, or in furtherance of any business purpose of Enterprise. Again, these assertions are uncontested by the plaintiffs. Thus, Enterprise has successfully shifted the burden to the plaintiffs to demonstrate the applicability of § 52-183 to the facts, and the plaintiffs have failed to carry their burden of proof in this regard. The plaintiffs have merely asserted that a question of fact remains. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the CT Page 1393 existence of such an issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Home Ins. Co. v.Aetna Life Casualty Co, 235 Conn. 185, 202, 663 A.2d 1001
(1995).
The court concludes that Enterprise cannot be found liable for the actions of Geter under General Statutes §§ 14-154a or52-183. Therefore, Enterprise's motion for summary judgment is granted.
SKOLNICK, JUDGE