[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION FOR SUMMARY JUDGMENT #121MOTION FOR SUMMARY JUDGMENT #123MOTION FOR SUMMARY JUDGMENT #147MOTION FOR SUMMARY JUDGMENT #120
The plaintiffs[1] allege that on or about April 30, 1995, an automobile operated by Anthony J. Rizzo (Rizzo) and owned by Mitsubishi Motors Credit of America (Mitsubishi) collided with the vehicles the plaintiffs were operating or riding in on Route 9 in Middletown, causing the plaintiffs various and, in some instances fatal, injuries.[2] The plaintiffs have brought suit against Rizzo, Mitsubishi and Horatio J. Cabral Jr. (Cabral Jr.), the son of Horatio S. Cabral (lessee), the lessee of the automobile Rizzo was driving at the time of the accident. Each of the plaintiffs' complaints are substantially the same in all relevant respects.[3]
On January 22, 1998, Mitsubishi filed a motion for summary judgment on the around that it cannot be held liable for the actions of Rizzo under General Statutes § 14-154a, since Rizzo CT Page 4836 was not an authorized operator of the vehicle under the lease agreement. Miller and Steinbach filed objections to the motion for summary judgment dated January 27, 1998 and February 25, 1998 respectively. Garza and Rodriguez have adopted the arguments of Miller and Steinbach. The matter was heard by the court on March 16, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burder of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park LimitedPartnership, 243 Conn. 552, 554, ___ A.2d ___ (1998).
Mitsubishi argues that it cannot be held liable for the actions of Rizzo under General Statutes § 14-154a, because Rizzo was not an authorized driver of the motor vehicle pursuant to the lease agreement. Mitsubishi claims that the lease agreement provided that the leesee would not permit anyone other than himself and those listed in the credit application as "other drivers" to operate the leased vehicle, and that no other drivers were listed on the credit application. Mitsubishi also contends that the lessee's position that he did not understand the lease agreement and believed that his son, Cabral Jr., was an authorized operator of the motor vehicle does not raise a material issue of fact, since the lessee clearly did not authorize Rizzo to operate the vehicle. Further, Mitsubishi argues that the plaintiffs lack standing to raise any issue as to whether the lessee understood the lease agreement,[4] and claims that it is irrelevant whether Cabral Jr. was an authorized driver of the vehicle because even assuming he was, and assuming he gave permission to Rizzo to use the automobile, Mitsubishi CT Page 4837 still would not be liable under § 14-154a, since Rizzo was not listed as an authorized operator on the lease and credit application. Finally, Mitsubishi argues that Rizzo in fact did not have permission to operate the vehicle, and that since the vehicle was stolen at the time of the accidents, Mitsubishi, as the lessor, should not be held liable.
The plaintiffs urge that Mitsubishi is responsible for Rizzo's actions under § 14-154a, since the statute holds the lessor strictly liable for the actions of the driver. Also, the plaintiffs contend that there are several issues of material fact in dispute. For example, the plaintiffs argue that the lessee never signed the credit application, and that the document was forged. The plaintiffs also argue that Mitsubishi should be estopped from raising the contract provisions as a defense, since the lessee was informed that anyone could drive the vehicle, and that the lessee would not have signed the lease had he known he was the only authorized driver. The plaintiffs further argue that there is a question of fact as to whether the lessee understood the lease agreement and had the capacity to enter into a contract, since he read and understood very little English. Finally, the plaintiffs contend that questions of fact exist as to whether the lease restriction concerning authorized drivers is reasonable, and whether the vehicle was in fact stolen from Cabral Jr. by Rizzo on the night of the accidents.
General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." The statute has been consistently construed "as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of thecontract of rental." Pedevillano v. Byron, 231 Conn. 265, 268,648 A.2d 873 (1994). Thus, in order for Mitsubishi to be held responsible for the tortious actions of Rizzo, Rizzo must have been in lawful possession of the vehicle pursuant to the terms of the rental contract at the time of accidents. "In light of this long-standing interpretation of § 14-154a, we may readily dispose of the plaintiff's broad contention that the statute imposes unlimited liability on the lessor for any injury caused by any motor vehicle that it owns. If the plaintiff were CT Page 4838 correct, a lessor would be responsible for the tortious misconduct of a thief who stole a vehicle from the lessor's parking lot." Id., 269. Therefore, Mitsubishi's liability for tortious use of the leased vehicle is limited under the statute to those persons authorized to use the vehicle under the lease agreement.[5]
In determining whether a person is authorized to use a leased motor vehicle, the trial court need not conduct a factual inquiry as to the circumstances surrounding the formation and execution of the rental contract to determine who was an authorized driver, but rather may rely solely on the terms of the contract. Blackwell v. Bryant, 45 Conn. App. 26, 30,692 A.2d 862 (1997). "The [Pedevillano] court also rejected the . . . contention that § 14-154a imposes unlimited liability on any lessor for injuries caused by a person who uses the vehicle with the permission of the authorized lessee." Id., 31. "Furthermore Pedevillano makes clear that the lessor is not liable under the statute even when the lessee allows another party to drive the vehicle." Id.
Here, the "Mitsubishi Vehicle Lease Agreement" states at section six that the lessee "will not permit anyone other than myself or the persons listed in my credit application as other drivers to use the Vehicle for any purpose without [Mitsubishi's] prior written consent. . . ." (Motion For Summary Judgment, Exhibit A-1). The credit application lists the lessee as being the only authorized operator. (Motion For Summary Judgment, Exhibit A-2).
In his deposition, the lessee, when asked to identify his signature on the credit application, stated that the signature did not look like his own. (Objection To Motion For Summary Judgment, Exhibit C, Deposition of Horatio S. Cabral, pp. 10, 34). Later, the lessee was able to identify his signature on the lease agreement, but could not remember if he had ever seen the lease agreement before. (Objection To Motion For Summary Judgment, Exhibit C, Deposition of Horatio S. Cabral, p. 11).[6]
"`A "material" fact has been defined adequately and simply as a fact which will make a difference in the result of the case.' . . . The test is whether a party would be entitled to a directed verdict on the same facts." Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). Rizzo is not listed in the lease agreement or in the credit CT Page 4839 application. (Motion For Summary Judgment, Exhibits A-1; A-2). The lessee has also stated that he did not request that Rizzo be allowed to drive the vehicle, that he did not know Rizzo when he leased the vehicle, and that Rizzo did not have permission to use the vehicle on the night the accidents occurred. (Motion For Summary Judgment, Exhibit D, Affidavit of Horatio S. Cabral). Therefore, even if the lessee thought Cabral Jr. was an authorized driver, or that he could give permission to Cabral Jr. to use the vehicle on the night the accidents occurred, there is no evidence to indicate that Rizzo was an authorized or permissive driver of the vehicle. Therefore, Mitsubishi cannot be liable for Rizzo's actions under the statute. Whether Rizzo stole the vehicle from Cabral Jr. on the night of the accidents, or was operating the vehicle with the permission of Cabral, Jr. is irrelevant, as in either case, permission to operate the car was not obtained from the lessee. See the lessee's affidavit stating that Rizzo was not an authorized or permissive driver of the vehicle on the night the accidents occurred.
Accordingly, Mitubishi's motion for summary judgment as to count three of each of the plaintiffs' complaints, is granted as Mitsubishi cannot be held liable for the actions of Rizzo pursuant to § 14-154a.
DAVID W. SKOLNICK, JUDGE