[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION FOR SUMMARY JUDGMENT #108
The plaintiff, Kieran Walsh, filed single count complaint against the defendants, John Young and Healey Ford-Lincoln-Mercury, Inc. ("Healey Ford"). In the complaint, Walsh alleges that Young negligently operated a rented motor vehicle owned by Healey Ford so as to collide with an automobile driven by Walsh, causing damages. Healey Ford filed a motion for summary judgment based on its contention that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. In support of its motion, Healey Ford submitted evidence that at the time of the accident Young was driving a vehicle that Healey Ford rented to Topeka Jemmot. The rental agreement between Healey and Jemmot provides: "In no event shall the vehicle be used, operated or driven by any person, other than the Customer or qualified licensed drivers at CT Page 6099 least 21 years of age who have Customer's advance permission to use the vehicle and whose name appears on front." (Defendant's Memorandum, Exhibit A, p. 2, ¶ 1.) On the front of the agreement, in the space provided for listing additional drivers, the word "NONE" is written. (Id., p. 1.) Young's name does not appear anywhere on the rental agreement.
The issue for this court to resolve is whether the defendant's motion for summary judgment should be granted. For reasons set forth herein the defendant's motion for summary judgment is granted.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." (Citations omitted; internal quotation marks omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, ___ A.2d ___ (2000). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Id.
The plaintiff's cause of action against Healey Ford is apparently based on its status as the owner and lessor of the vehicle that Young was driving. General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."[1]
The Supreme Court has "consistently construed [§ 14-154a] as imposing on one who rents or leases a motor vehicle to another the sameliability as that of its operator, provided that the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." (Emphasis in original; internal quotation marks omitted.) Gionfriddo v. Avis Rent A Car System,Inc., 192 Conn. 280, 284, 472 A.2d 306 (1984).
Healey Ford argues that it cannot be liable as a matter of law because the undisputed evidence shows that Young was not authorized to operate the vehicle under the terms of the rental agreement. At oral argument, the plaintiff contended that there is a dispute on the issue of whether Young was in lawful possession of the vehicle.[2] The plaintiff argued that the issue is not whether Young was authorized to the drive the vehicle pursuant to the rental agreement, but rather whether he was authorized by Jemmot to do so. CT Page 6100
The Connecticut Supreme Court rejected the position advanced by the plaintiff in Pedevillano v. Byron, 231 Conn. 265, 648 A.2d 873 (1994). The court explained, "[w]e are . . . unpersuaded that, even liberally construed, § 14-154a imposes unlimited liability on any lessor that voluntarily entrusts a motor vehicle to a lessee." Id., 269. "The plaintiff's argument is necessarily predicated on the proposition that the lessee's scope of authority and the lessor's statutory liability are determined by the statute without regard to the terms of the lease agreement pursuant to which the voluntary entrusting occurred. There is no binding authority for that proposition. The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id., 270; see alsoBlackwell v. Bryant, 45 Conn. App. 26, 30-31, 692 A.2d 862 (1997). Here, it is undisputed that Young was not an authorized driver pursuant to the terms of the rental agreement. Therefore, the motion for summary judgment is granted.
 Angela Carol Robinson Judge