[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION FOR SUMMARY JUDGMENT 113
Before this court is the defendants motion for summary judgment. The issue in dispute to resolve is whether the defendant is entitled to summary judgment. Because material facts are at issue regarding whether the operator of the leased vehicle was an. authorized driver, the defendant's motion for summary judgment is denied.
Facts
CT Page 6090
On January 27, 1999, the plaintiffs, Tyrese Relaford, Troy Kelly, and Jevon Langley, filed a complaint alleging that they sustained injuries as a result of a motor vehicle accident that occurred on April 27, 1998. The complaint was filed against the driver of the vehicle, Vivekanand Rawana (Rawana), and the owner of the vehicle, Chase Manhattan Auto Finance Corporation (Chase).
On October 8, 1999, the defendant[1] filed a motion for summary judgment claiming that "Rawana was not authorized to operate the vehicle owned by Chase" and therefore the defendant cannot be held liable under General Statutes § 14-154a[2] Along with its motion for summary judgment, the defendant submitted a memorandum of law, a copy of the complaint, a copy of the answer and special defenses, a copy of the lease, and an affidavit of Vincent Fieseler, a vice president of Chase. On November 8, 1999, the defendant filed a supplemental memorandum in support of its motion for summary judgment claiming additionally that, "[p]aragraph 18 of said lease allows Chase to declare the lease in default if the Lessee fails to maintain the required insurance."[3]
The defendant also claimed that "pursuant to [General Statutes] §38a-371, it is against the law to operate a motor vehicle without insurance" and that "[p]aragraph 15 of the operative lease forbids use of the leased vehicle in violation of any law." Furthermore, the defendant claims that due to the discrepancy in social security numbers between the lessee and the driver, either the driver and the lessee are not the same person, or, alternatively, a false social security number was listed on the lease agreement. Paragraph 18 of the lease states in pertinent part: "If any information in your lease application is false or misleading . . . we can treat this lease as being in default." The plaintiffs filed an objection to the defendant's motion for summary judgment on November 10, 1999, claiming that a material fact exists as to whether Rawana was an authorized driver of the vehicle. Along with their objection, the plaintiffs submitted a copy of the lease, a copy of the accident report, and an affidavit from Kristen S. Rufo, the plaintiffs' attorney.
Discussion
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate CT Page 6091 its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 379.
The defendant relies on Pedevillano v. Bryon, 231 Conn. 265, 648 A.2d 873
(1994) for the proposition that lessors are liable under General Statutes § 14-154a only when the leased vehicle is operated by the lessee or an authorized driver. In that case, the Supreme Court stated: "We have consistently construed [§ 14-154a] as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of thecontract of rental." (Emphasis in original.) Id., 268. The defendant contends that the name on the lease, or the lessee, "Vivekanand Ramanan," and the driver as identified on the police accident report "Vivekanand Rawana," are two different people and that Rawana was not authorized to drive the leased vehicle. In opposition, the plaintiffs argue that there is a genuine issue of material fact whether "the defendant Vivekanand Rawana was an authorized driver pursuant to the Lease Agreement between Chase and Vivekanand Ramanan."
The plaintiffs argue that, "[i]t is possible that either the police officer at the accident scene misspelled the defendant's name . . . or that Vivekanand Rawana and Vivekanand Ramanan are two names used interchangeably by one person." The spelling of the names listed on the lease agreement and on the police accident report, "Vivekanand Ramanan" and "Vivekanand Rawana," are substantially similar. The same address for "Vivekanand Ramanan" and "Vivekanand Rawana" is listed on the police accident report and the lease agreement. The same birth date is listed on the police accident report and credit report pertaining to the lease. There is a genuine issue of fact exists as to whether the driver and lessee are one and the same person. Therefore, this court denies the motion or summary judgment.
Assuming arguendo that "Vivekanand Rawana" and "Vivekanand Ramanan" are different people, the defendant's motion for summary judgment would nevertheless still be denied. In Pedevillano v. Bryon, supra, 231 Conn. 267, the Supreme Court noted specifically that, "[t]he lease agreement CT Page 6092 between [the driver] and the lessor had an express provision defining who would qualify as an `authorized driver' under the lease."[4] Id., 267. The lease in the present case fails to define "authorized driver" or state who is authorized to operate the vehicle. Other cases interpreting § 14-154a as applying only to authorized drivers have also noted that the respective contracts have specifically designated who was or was not authorized to operate the vehicle. See Blackwell v.Bryant, 45 Conn. App. 26, 31, 692 A.2d 862 (1997) ("Here, the rental contract clearly provided that no one other than Edwin Blackwell was authorized to operate the vehicle."); Estelle v. Thrifty Rent-A-CarSystem, Superior Court, judicial district of New Haven at New Haven, Docket No. 412573 (June 2, 1999, Jones, J.) ("The rental contract dated June 7, 1996 includes a provision allowing her to authorize another person to operate the vehicle, provided she write in the name of that person in a space on the contract captioned "additional drivers.");Outar v. Jackson, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 581800 (March 17, 1999, Fineberg, J.) ("[The] rental contract, submitted in support of the motion, makes clear that [the driver] was not an authorized operator thereunder. The only authorized operators specified in the contract are the named lessee . . . and his spouse . . . Dube, Jr. v. Taylor, Superior Court, judicial district of Danbury, Docket No. 330981 (March 11, 1999, Moraghan, J.) (Emphasis in original.) ("The agreement states that additional drivers are not permitted without approval. Moreover, the words `NO OTHER DRIVERPERMITTED' appear with clear emphasis in the space where additional drivers are required to be identified."); Bevel v. Annetta, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344223 (February 3, 1998, Skolnick, J.) ("The rental agreement states `Additional Driver — None permitted without Enterprise's approval. No other driver permitted.'").
The defendant argues: "Vivekanand Rawana neither signed the subject Lease, nor was he designated as a `co-lessee' to the Lease agreement. Additionally, Vivekanand Rawana was not authorized to operate the subject vehicle Lease Agreement, to wit: Chase never consented to the transfer to Vivekanand Rawana of Vivekanand Ramanan's rights under the Lease as required under Section `16' of the Lease Agreement, i.e. the right to drive the leased vehicle."[5] The plain language of section 16 of the lease agreement does not provide a provision pertaining to authorized drivers or the right to drive the car but rather forbids the lessee from assigning[6] or transferring contract rights to another or subleasing without the written consent of the lessor. At the very least, whether or not the language prohibiting assignment of the contract can be interpreted as forbidding anyone else from driving the car, is a question of fact. "Absent . . . definitive contract language, the . . . interpretation of a contract, being a determination of the parties' CT Page 6093 intent, is a question of fact. . . ." HLO Land Ownership Associates Ltd.Partnership v. Hartford, 248 Conn. 350, 357, 727 A.2d 1260 (1999). It is well settled that the intention of the parties, which involves determination concerning scienter, is an issue of fact to be determined by the trier of fact. . . . Summary judgment procedure is particularly inappropriate where the inferences that the parties seek to have drawn concern questions of intent." (Citations omitted; internal quotation marks omitted.) Message Center v. Shell Oil Products, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 481611 (February 5, 1999, Skolnick J.), citing Batik v. Seymour,186 Conn. 632, 646-47, 443 A.2d 471 (1982).
Furthermore, the defendant argues that the lessee failed to maintain insurance on the car which was a default on the lease due to Paragraphs 6 and 15 of the lease. There exists a material issue of fact whether or not the lessee maintained insurance on the car. In support of this assertion, Chase has submitted an affidavit from its vice president stating, that, "[a]t the time of the incident alleged . . . the leased vehicle was uninsured. . . ." This self-serving affidavit stating that the driver was uninsured does not alone provide sufficient evidence to grant summary judgment. "Self serving affidavits of moving parties are insufficient to support a motion for summary judgment." Graham v. Posta,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310102 (October 8, 1997, Melville, J.) citing Burns v. Hartford Hospital,192 Conn. 451, 472 A.2d 1257 (1984).
Conclusion
For the foregoing reasons this court denies the defendant's motion for summary judgment.
 Angela Carol Robinson Judge