[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Jean Desrosiers, brings this action seeking damages for personal injuries against the defendants, Southern Connecticut Newspapers, Inc. (So. Ct. Newspapers) and Jean Bosquet. The plaintiff claims that he was a passenger in a vehicle owned by So. Ct. Newspapers and operated by Bosquet when it collided with a vehicle operated by Deloris A. Wilson.
The two defendants then brought an apportionment complaint against Wilson who drove a vehicle leased from Elrac, Inc. as authorized by CT Page 7800 General Statutes § 52-572h. The defendants, also known as apportionment plaintiffs, allege that the collision and damages were all caused by the negligence of Wilson. The apportionment complaint also asserts that Elrac, Inc. as lessor of the Wilson vehicle, is liable under General Statutes § 14-154a, which provides that the lessor of a leased motor vehicle is liable to the same extent as the lessee.
Elrac, Inc. has moved (#125) for summary judgment on the basis that the car being driven by Wilson was in fact leased to Christopher Clark. Attached to the moving papers to the rental agreement which confirms that Clark was the lessee and that the rental agreement provides that no person other than the authorized driver, Clark, may operate the leased vehicle. An earlier motion for summary judgment was denied without prejudice by Judge D'Andrea because the opposing papers argued that, although Clark was indeed the named lessee of the car, the billing was directed to Miller Automobile in Darien at the same address as Elrac, Inc. According to a brief filed by So. Ct. Newspapers, this raised a question or suspicion that Elrac, Inc. "leased the vehicle to itself," (emphasis in original) to "circumvent § 14-154a liability."
This second motion for summary judgment now includes an affidavit from the president of Miller Automobile Corporation which states that his company leases a portion of its premises to Elrac, Inc., hence the same address. With respect to the billing, the affidavit explains that on occasion they provide rental cars from Elrac, Inc. to their customers like Clark, who need a vehicle while their cars are being serviced. In that event, they ask Elrac, Inc. to send the bill to Miller Automobile Corporation.
The parties opposing summary judgment did not submit any affidavits or other documents refuting Elrac's claim that it rented to Clark only, that the policy provided that only he could drive the particular vehicle, and that Wilson was driving at the time of the collision. So. Ct. Newspapers argues that the moving party has not explained the relationship between Clarke and Wilson and that Blackwell v. Bryant, 45 Conn. App. 26,692 A.2d 862 (1997), provides coverage for unauthorized drivers in emergency situations. So. Ct. Newspaper's reliance on Blackwell, however, is misplaced because the Blackwell court held that exhaustion would not create an emergency situation and that the plaintiff failed to present any factual or legal support for the contention that the failure to provide for emergency drivers in the rental agreement was unconscionable. Id., 31-32.
The moving party has, however, shown that it would be liable only if the named driver was operating the vehicle at the time of the collision with the plaintiff. "[T]he party opposing summary judgment must CT Page 7801 substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . [A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citations omitted; internal quotation marks omitted.)Doty v. Shawmut Bank, 58 Conn. App. 427, 430, ___ A.2d ___ (2000). Here, the nonmoving party's reliance on speculation concerning a possible emergency situation is insufficient to overcome the motion for summary judgment.
Therefore, Elrac's motion for summary judgment as to the complaint and apportionment complaint is granted.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of June, 2000.
William B. Lewis, Judge