[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE 
INTRODUCTION 
The complaint in this case alleges that the defendant Carlos Colon ("Colon") leased a vehicle ("the "Elrac Vehicle") from the defendant Elrac, Inc. ("Elrac"), and that Colon negligently operated the Elrac vehicle so that it collided with a vehicle operated by the plaintiff, causing her personal injuries. The complaint further alleges that Elrac, as lessor of the Elrac vehicle, is liable to the plaintiff for those injuries pursuant to § 14-154a of the General Statutes.
Elrac has filed a special defense alleging that the plaintiff released Colon from liability for her injuries, and that the plaintiff's release of Colon (the "Colon release"), as a matter of law, released Elrac from liability. The plaintiff has moved to strike Elrac's special defense because it "lacks legal sufficiency and fail(s) to provide factual allegations as to the essential elements of the defense."
The plaintiff's motion to strike was placed on the short calendar of October 5, 2000. On September 29, 2000, Elrac filed a pleading entitled Objection to Plaintiff's Motion to Strike Defendant's Special Defense ("Elrac's objection") in which Elrac stated: "(Elrac) asserts that its special defense speaks for itself and that it is legally sufficient and that it does provide factual allegation (sic) as to its essential elements." The plaintiff claims that that pleading does not constitute the type of memorandum of law required by § 10-42 of the Practice Book ("§ 10-42") from a party who objects to a motion to strike. Section 10-42 provides, in relevant part: CT Page 16203
 Any adverse party who objects to (a motion to strike) shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12 through 10-17
a memorandum of law.
The motion to strike raises three issues, which will be addressed in the following order:
 1) Does Elrac's objection comply with the requirement of § 10-42 concerning a memorandum of law;
 2) Does Elrac's special defense contain factual allegations as to the essential elements of its defense; and,
3) Does Elrac's special defense lack legal sufficiency.
DISCUSSION
 Section 10-42
The plaintiff cites Hughes v. Bemer, 206 Conn. 491 (1988), for the proposition that a party who does not, at least five days before the short calendar on which the motion is assigned, file a memorandum of law in opposition to a motion to strike is deemed to have consented to the granting of that motion. In this case Elrac filed, six days before the scheduled short calendar argument, its objection. While some might not characterize that pleading as scholarly, § 10-42 does not require a scholarly memorandum. Rather, § 10-42 requires that something be filed which appraises the moving party both that there is objection to the motion as well as what are the grounds for that objection. Surely, Elrac's pleading satisfactorily notified the plaintiff that there was objection. Whether it made known the grounds for that objection requires a review of the history of this case.
Before Elrac filed its special defense, the plaintiff had moved for summary judgment as to liability. In its memorandum in opposition to that motion, Elrac raised its claim that the Colon release operated, as a matter of law, to release Elrac. Elrac attached to that memorandum copies of the plaintiff's answers to Elrac's interrogatories in which the plaintiff acknowledged the Colon release, together with photocopies of the Colon release and the withdrawal of this action as to Colon. The effect of the Colon release was briefed and argued by both parties at the argument on the motion for summary judgment, and the authorities on which CT Page 16204 Elrac relied for its claims of law were made known to the plaintiff.
In connection with the proceedings on the summary judgment motion, Elrac's counsel learned that the release of Colon had not been pleaded specially by Elrac, as required by § 10-50 of the Practice Book. Thereafter, Elrac requested permission to amend its answer to assert the special defense of release, and that permission was granted.
The substantive issue raised by Elrac's objection to the motion to strike is the same issue which was raised by Elrac's objection to the plaintiff's motion for summary judgment, and from the briefing and argument on the motion for summary judgment, the plaintiff was aware of the grounds for Elrac's objection. Accordingly, it cannot be deemed that Elrac consented to the granting of the motion to strike, nor could the plaintiff have so inferred.
Additionally, the motion to strike was not heard on the short calendar of October 5, 2000. Rather, it was argued on November 2, 2000, and prior to that argument, on October 10, 2000, Elrac filed its memorandum of law in support of Elrac's objection articulating the grounds for Elrac's objection. Accordingly, the plaintiff had knowledge, 22 days before the argument on its motion to strike, of Elrac's grounds for objecting to that motion.
Allegations of Special Defense
Elrac's special defense reads:
 The Defendant, Elrac, Inc. cannot be held liable for the plaintiff's injury in that the plaintiff has released Defendant, Carlos Colon from any liability or (sic) a result of any claims arising out of the accident alleged in her complaint. The plaintiffs release of Carlos Colon, as a matter of law, released Elrac, Inc. from any liability in this case.
It is held that Elrac's special defense provides sufficient factual allegations as to its essential elements to survive a motion to strike.
Legal Sufficiency of Special Defense
The plaintiff relies primarily on Blackwell v. Bryant, 45 Conn. App. 26
(1997), for her position that the release of an authorized operator of a leased vehicle does not release the lessor of that vehicle. However, after Blackwell was decided, Alvarez v. New Haven Register, Inc.,249 Conn. 709 (1999), was decided by the Supreme Court. In Alvarez, the CT Page 16205 court held that the release of an employee releases an employer from liability which is based on respondent superior. While Alvarez dealt with vicarious liability arising out of the common law, the rationale ofAlvarez appears to the court to apply with equal force to a claim of liability based on statute, in this case § 14-154a of the General Statutes.
CONCLUSION
The motion to strike is denied, on all grounds.
Levine. J.