[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CT Page 16210
INTRODUCTION
The complaint in this case alleges that the defendant Carlos Colon ("Colon") leased a vehicle ("the "Elrac Vehicle") from the defendant Elrac, Inc. ("Elrac"), and that Colon negligently operated the Elrac vehicle so that it collided with a vehicle operated by the plaintiff, causing her personal injuries. The complaint further alleges that Elrac, as lessor of the Elrac vehicle, is liable to the plaintiff for those injuries pursuant to § 14-154a of the General Statutes.
From the materials submitted to the court, it is undisputed that the plaintiff released Colon from liability for her injuries, and Elrac has filed a special defense alleging that the release of Colon ("Colon release") operates to release Elrac.
The plaintiff has moved for summary judgment on liability claiming that it is undisputed that Colon's negligence caused the accident which caused her injuries. Elrac has objected to summary judgment on the ground that the Colon release, as a matter of law, released Elrac from liability.
DISCUSSION
The plaintiff relies primarily on Blackwell v. Bryant, 45 Conn. App. 26
(1997), for her position that the release of an authorized operator of a leased vehicle does not release the lessor of that vehicle. However, after Blackwell was decided, Alvarez v. New Haven Register, Inc.,249 Conn. 709 (1999), was decided by the Supreme Court. In Alvarez, the court held that the release of an employee releases an employer from liability which is based on respondent superior. While Alvarez dealt with vicarious liability arising out of the common law, the rationale ofAlvarez appears to the court to apply with equal force to a claim of liability based on statute, in this case § 14-154a of the General Statutes.
CONCLUSION
The plaintiff's motion for summary judgment CT Page 16211
G. Levine, Judge