[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CAMRAC, INC.'S MOTION FOR SUMMARY JUDGMENT (#117)
 BACKGROUND
The present action arises out of a car accident which allegedly occurred on November 11, 1999. It is claimed that, at the time of the accident, the plaintiffs, Judith, Lauren and Ashley Orozco, were traveling westbound on Route 175 in Newington, Connecticut in a car owned and operated by Judith Orozco. The defendant, Jeremy Groll, was traveling eastbound on Route 175 in Newington, Connecticut. The plaintiffs allege that the car operated by Jeremy Groll crossed into the westbound lane and collided head-on with the car being operated by Judith Orozco, resulting in injury to the plaintiffs.
According to the allegations, the car operated by Jeremy Groll was rented by the defendant, Carol Groll, from the defendant, CAMRAC, Inc. doing business as Enterprise Rent-A-Car (CAMRAC). The plaintiffs allege that CAMRAC is liable for the injuries caused by Jeremy Grall pursuant to General Statutes § 14-154a.
The plaintiffs' fourth amended complaint,[1] filed December 13, 2000, alleges fourteen counts against the three defendants. Counts four, five and six allege that CAMRAC is liable to Judith, Lauren and Ashley Orozco, respectively, for personal injuries caused by the negligence of Jeremy Groll pursuant to § 14-154a. Count eight alleges that CAMRAC is liable for property damage to Judith Orozco's vehicle pursuant to § 14-154a. Counts twelve, thirteen and fourteen allege that CAMRAC is liable to Judith, Lauren and Ashley Orozco, respectively, for double or treble damages due to the recklessness of Jeremy Groll. On August 17, 2000, CAMRAC filed a motion for summary judgment on counts four, five, six, eight, twelve, thirteen and fourteen. The plaintiffs timely filed an objection. The parties submitted memoranda of law in support of their CT Page 1544 arguments. In addition, CAMRAC submitted the affidavit of Patricia Coughlin, loss control manager of CAMRAC, and a copy of the rental contract between Carol Groll and CAMRAC. The court heard oral argument at short calendar on November 13, 2000, and now issues this memorandum of decision.
 STANDARD OF REVIEW
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Wittv. St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. Danbury Hospital, 252 Conn. 193,201, 746 A.2d 730 (2000). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dresstrial." Orenstein v. OldBuckingham Corp., 205 Conn. 572, 574, 534 A.2d 1172
(1987).
While "the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998). Summary judgment procedure would be defeated as a whole if the mere assertion that a material factual dispute existed could force a case to trial. See Great County Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997).
DISCUSSION
CT Page 1545
CAMRAC moves for summary judgment on the ground that § 14-154a does not hold the owner of a rented vehicle liable for the acts of unauthorized drivers. CAMRAC argues that, under the rental contract, Jeremy Groll was not authorized to operate the vehicle and, therefore, CAMRAC should not be held liable for the damage he allegedly caused. The plaintiffs object to the motion for summary judgment, arguing that there are questions of fact as to whether the contract terms limiting authorization to Carol Groll are unreasonable or unconscionable.
Section 14-154a provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." The purpose of the statute "cannot be regarded otherwise than as an expression of legislative judgment as to the extent — beyond the limitations of the general principles of respondeat superior and the "family-car doctrine' — to which the owner of a motor vehicle which he entrusts to another should be liable for the acts of the latter." (Internal quotation marks omitted.)Pedevillano v. Bryon, 231 Conn. 265, 268, 648 A.2d 873 (1994).
"For more than 100 years, § 14-154a and its statutory antecedents have imposed on owners of leased vehicles obligations that significantly supplement common-law principles of vicarious liability. [The Supreme Court has] construed the statute as having created a statutory suretyship, pursuant to which the owner of a leased automobile, driven by an authorized driver, is directly liable for injuries caused by the operation of the vehicle." (Emphasis added; internal quotation marks omitted.) Smith v. Mitsubishi Motors Credit of America. Inc.,247 Conn. 342, 346, 721 A.2d 1187 (1998). "We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawfulpossession of it pursuant to the terms of the contract of rental." (Emphasis in original; internal quotation marks omitted.) Pedevillano v.Bryon, supra, 231 Conn. 268. "The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk." Id., 270.
In the present case, CAMRAC presents evidence to establish that only Carol Groll was authorized to operate the rented vehicle. CAMRAC submits Coughlin' s affidavit which states that "[n]o other than Carol Groll was authorized by CAMRAC, Inc. to use or drive the subject vehicle. If Jeremy Groll was operating CAMRAC, Inc.'s vehicle at the time of the subject accident, it was without the authorization of CAMRAC, Inc." CT Page 1546 (Affidavit of Patricia Coughlin, ¶¶ 6, 7.) CAMRAC also submits the rental contract between Carol Groll and CAMRAC. In the section of the contract that authorizes additional drivers is printed "NONE PERMUTED WITHOUT ENTERPRISE'S APPROVAL" below which is typed "NO OTHER DRIVER PERMITTED." (CAMRAC's Exhibit A, p. 1.) The contract further provides that a violation occurs "if the car is used or driven . . . By any person other than Renter without written consent of Owner." (CAMRAC's Exhibit A, p. 2, par; 13(e).)
The plaintiffs have not presented any evidence to contradict CAMRAC' s claim that Jeremy Groll was not authorized under the contract to operate CAMRAC's vehicle. They instead challenge the ability of CAMRAC to limit authorized drivers to Carol Groll. The plaintiffs cite Blackwell v.Bryant, 45 Conn. App. 26, 692 A.2d 862 (1997), to support their argument that a contract that does not permit another driver to operate the vehicle in the case of an emergency is unreasonable or unconscionable. While Blackwell does appear to leave the door open for such a finding, the plaintiffs have failed to submit any evidence that would support a finding of an emergency in the present case. The plaintiffs have not submitted an affidavit attesting to the existence of an emergency. They merely state in their memorandum that "why . . . Jeremy Groll was operating the vehicle . . . and whether an emergency existed at the time of the accident are all genuine issues of material fact. . . ." (Plaintiffs' memorandum, p. 5.) "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment.]", (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, supra, 243 Conn. 554-55. "[T]he opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, supra,229 Conn. 217.
The plaintiffs also cite Smith v. Mitsubishi Motors Credit of America,Inc., 247 Conn. 342, 721 A.2d 1187 (1998), to support their argument that the contract may be unconscionable. The plaintiffs assert that finding an unconscionable contract requires the finding of facts as to whether the renter "(1) was a consumer leasing the automobile for consumer purposes; (2) had no opportunity to read the two page automobile lease as a whole; (3) had difficulty, because of the size of the type and the location of the indemnity clause in the lease, in reading the text of the clauses in the lease that had not specifically been called to his attention; (4) had failed to understand the indemnity clause because of its use of obscure legalese; (5) had been unable to read or understand the indemnity clause in the lease because he was illiterate or blind or otherwise disabled from having access thereto; (6) had no opportunity to bargain over the clauses in the lease . . .; or (7) had no prior experience with standard CT Page 1547 terms in automobile leases." Id., 351. The plaintiffs fail to present, however, any evidence that the contract in the present case was unconscionable. They merely assert in their memorandum that "there are factual questions that must be answered, by way of discovery interrogatories and depositions before a determination of whether the contract in question was procedurally unconscionable." (Plaintiffs' memorandum, p. 6.) As previously stated, the plaintiffs cannot successfully challenge a motion for summary judgment with mere assertions of fact. See Maffucci v. Royal Park Ltd. Partnership, supra,243 Conn. 554-55; Haesche v. Kissner, supra, 229 Conn. 217.
Plaintiffs' reliance on Fisher v. Hodge, 162 Conn. 363, 294 A.2d 577
(1972), for the proposition that, there, a brother of the lessee under the rental agreement was considered to be covered by it, is unavailing to their claim that Jeremy Groll, defendant Carol Groll's son, should be covered by her agreement with CAMRAC. The rental agreement at issue in that case provided that members of the customer's immediate family were authorized drivers. See id., 162 Conn. 365. Our Supreme Court stated in Pedevillano v. Bryon, supra, 231 Conn. 270, citing Fisher v. supra, "[i]n the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." As stated above, the agreement between Carol Groll and CAMRAC expressly precluded other drivers.
CAMRAC presented evidence that demonstrates that Jeremy Groll was not authorized to operate CAMRAC's vehicle at the time of the collision. The evidence presented by CAMRAC is sufficient to meet its burden of showing the absence of any genuine issue of material fact. The plaintiffs have not presented any evidence to support their claim of an issue of fact.[2]
Accordingly, the court finds that Jeremy Groll was not authorized by the rental contract to drive CAMRAC's vehicle at the time of the collision. Since he was an unauthorized driver, CAMRAC cannot be liable to the plaintiffs. CAMRAC's motion for summary judgment is granted. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT