# HEIDI SCHIMMELPFENNIG *v.*
# JARRED CUTLER ET AL.
## (AC 20711)

Foti, Spear and Freedman, Js.

Argued April 23—officially released August 28, 2001

*Christopher P. Anderson*, for the appellant (plaintiff).

*Joseph M. Musco*, for the appellee (named defendant et al.).

*Patty G. Swan*, with whom, on the brief, was *Jon S. Berk*, for the appellee (defendant Cargill Chevrolet Company, Inc.).

*John H. Hanks*, for the appellee (defendant Tobey J. Falco).

*Opinion*

FREEDMAN, J. The plaintiff, Heidi Schimmelpfennig, appeals from the judgment of the trial court rendered on a directed verdict in favor of the defendant Cargill Chevrolet Company, Inc. (Cargill), and on the jury verdict in favor of the defendants Jarred Cutler, Robert R. Stalsburg and Stalsburg Express, Inc.[1] On appeal, the plaintiff claims that the court improperly (1) directed a verdict in favor of Cargill, and (2) allowed the plaintiff to be questioned concerning prior bad acts or misconduct when the defense counsel did not have a good faith basis for inquiring about such issues, and such issues were highly prejudicial in relation to their probative value. We affirm the judgment of the trial court.

---

[1] For purposes of this opinion, we refer to Robert R. Stalsburg and Stalsburg Express, Inc., as Stalsburg.

The following facts are relevant to the plaintiff's appeal. The plaintiff filed an amended complaint alleging that on June 15, 1995, she was a passenger in a vehicle owned by Cargill and operated by the defendant Tobey J. Falco, which was involved in an accident with a vehicle owned by Stalsburg and operated by Cutler. The plaintiff alleged that at the time of the accident, the vehicle operated by Falco had been rented to the defendant Jeffrey Stachura.[2] The plaintiff alleged that Falco was using the vehicle with the express or implied permission of Cargill and the express permission of Stachura. The plaintiff alleged that the accident was caused by the negligence of Falco or Cutler or both in the operation of their motor vehicles.

At trial, the plaintiff presented evidence to establish the following facts. Prior to the accident in question, Falco and Stachura, Falco's former fiance, had purchased a 1991 Subaru Loyale motor vehicle from Cargill with an extended warranty. When the timing belt broke on that vehicle, Stachura called Cargill and was told that he could get a "loaner" vehicle, a 1995 Geo Prizm. On June 14, 1995, Stachura obtained the Prizm from Cargill. Stachura later told Falco that, according to Cargill, he was the only person authorized to drive the vehicle. Falco called Brandon Walsh, the salesman at Cargill who had sold them the 1991 Subaru Loyale. Walsh told Falco that if the vehicle was insured to her, she was authorized to drive it.

On June 15, 1995, Falco drove the Prizm to an appointment in Norwich. The plaintiff and her son were passengers in Falco's vehicle. After the appointment, as Falco was traveling on Interstate 395, she was involved in an accident with a vehicle owned by Stalsburg and operated by Cutler.

[2] The action against Stachura subsequently was withdrawn.

At the conclusion of the plaintiff's case, the court granted Cargill's motion for a directed verdict.[3] The jury subsequently found in favor of the plaintiff as against Falco and awarded her $40,000 in damages. The jury further found in favor of the defendants Cutler and Stalsburg. The court denied the plaintiff's motion for additur or to set aside the verdict and the plaintiff filed the present appeal.

I

The plaintiff first claims that the court improperly directed a verdict in favor of Cargill. We disagree.

The following facts are necessary to our resolution of the plaintiff's claim. With regard to Cargill, the plaintiff alleged liability pursuant to General Statutes §§ 52-183[4] and 14-154a.[5] In granting Cargill's motion for a directed verdict, the court stated that it was not considering Cargill's liability under § 52-183 because of the plaintiff's concession that Falco was not an employee or agent of the owner. The court further held that Cargill was not liable pursuant to § 14-154a. The plaintiff challenges that ruling.

"Our standard of review of a directed verdict is well settled. A trial court should direct a verdict for a defen-

---

[3] Although Cargill referred to the motion as a motion for judgment of dismissal pursuant to Practice Book § 15-8, the parties and the court treated it as a motion for a directed verdict.

[4] General Statutes § 52-183 provides: "Presumption of agency in motor vehicle operation. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."

[5] General Statutes § 14-154a provides: "Liability of owner for damage caused by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

dant if, viewing the evidence in the light most favorable to the plaintiff, a jury could not reasonably and legally reach any other conclusion than that the defendant is entitled to prevail. . . . In assessing the evidence, the court should weigh both direct and circumstantial evidence, including all reasonable inferences to be drawn therefrom." (Citations omitted.) *Harewood* v. *Carter*, 63 Conn. App. 199, 202–203, 772 A.2d 764 (2001).

We first consider whether the court properly refused to impose liability on Cargill pursuant to § 52-183 on the basis of the concession made by counsel for the plaintiff during oral argument on Cargill's motion. "Section 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The presumption ceases to operate, however, when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff . . . ." (Internal quotation marks omitted.) *Felsted* v. *Kimberly Auto Services, Inc.*, 25 Conn. App. 665, 670, 596 A.2d 14, cert. denied, 220 Conn. 922, 597 A.2d 342 (1991). At oral argument on Cargill's motion, counsel for the plaintiff stated that he was not claiming that Falco was an employee or agent of Cargill under the statute. Counsel indicated that he was claiming only that Falco was operating the vehicle with the express permission of the owner.[6] Counsel for Cargill then proceeded to

---

[6] The following colloquy in relevant part occurred between the court and counsel:

"The Court: Well, let me just ask. Attorney Anderson, are you pursuing that claim that Tobey Falco was an agent or employee of Cargill Chevrolet—

"[Plaintiff's Counsel, Christopher P. Anderson]: No, Your Honor.

"The Court:—under § 52-183? You're not—

"[Plaintiff's Counsel]: There's no claim that Tobey Falco is an employee or agent under that statute. Only that Tobey Falco was operating it with the express permission of the owner.

"The Court: Okay. Go ahead.

address his argument with regard to § 14-154a. That concession was not withdrawn during the remainder of the argument on Cargill's motion. In rendering its oral decision, the court stated that "§ 52-183 is out because there is a concession that she was not—it has not been proven that [Falco] was an employee or servant of the owner, and that's the requirement here." On the basis of the record before us, and considering the representations made by counsel for the plaintiff to the court, we conclude that the court properly determined that Cargill could not be held liable to the plaintiff pursuant to § 52-183.

We next consider whether the court properly granted Cargill's motion with respect to § 14-154a. That statute provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." Our Supreme Court has "consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one *in lawful possession of it pursuant to the terms of the contract of rental.*" (Emphasis in original; internal quotation marks omitted.) *Pedevillano* v. *Bryon*, 231 Conn. 265, 268, 648 A.2d 873 (1994). The court in *Pedevillano* "rejected the plaintiff's contention that § 14-154a imposes unlimited liability on any lessor for injuries caused by a person who uses the vehicle with the permission of an authorized lessee. . . . *Pedevillano* makes clear that the lessor is not liable under the statute even when the lessee allows another party

---

"[Defendant Cargill's Counsel]: In that regard, then, I'll move on to my § 14-154a argument."

to drive the vehicle." (Citation omitted.) *Blackwell* v. *Bryant,* 45 Conn. App. 26, 31, 692 A.2d 862 (1997).

The rental agreement in the present case, for the 1995 Geo Prizm, was signed only by Stachura. Falco is not listed as an additional authorized user under the contract. The contract prohibited the use of the vehicle by additional drivers except under limited circumstances that do not exist in this case.[7] The court, therefore, properly concluded that Falco was not an authorized driver under the express terms of the rental contract between Stachura and Cargill.

The court considered the further issue of whether Falco was an authorized driver of the vehicle on the basis of the testimony that Walsh, the salesman employed by Cargill, had told Falco that she could drive the vehicle if it was covered by her insurance. The court phrased the issue as follows: "Was there a modification or a subsequent lease agreement made by the conversation that Tobey Falco said occurred?" In holding that there was no such modification, the court stated that no evidence had been presented that Walsh had express or apparent authority to lease vehicles for Cargill. We agree with the court's conclusion.

"Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. . . . Consequently, apparent authority is to be determined, not by the agent's own acts,

---

[7] The contract states in relevant part:

"3. Use:

"(a) You agree that the vehicle will NOT be used by any person except you and persons who are at least 25 years of age and are:

"(i) members of your immediate family who permanently reside in your household; or

"(ii) your employer, partner, executive officer or regular employee of your employer; or

"(iii) listed as the other driver on this agreement."

but by the acts of the agent's principal. . . . The issue of apparent authority is one of fact to be determined based on two criteria. . . . First, it must appear from the principal's conduct that the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted [the agent] to act as having such authority. . . . Second, the party dealing with the agent must have, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority to bind the principal to the agent's action." (Citations omitted; internal quotation marks omitted.) *Tomlinson* v. *Board of Education*, 226 Conn. 704, 734–35, 629 A.2d 333 (1993).

The only evidence presented by the plaintiff to support her claim was the testimony of Falco. Falco testified that when she called Cargill, Walsh told her that "if the car was insured to [her], [she] had every right to drive it." The plaintiff did not call any individuals associated with Cargill to testify at trial. We agree with the court that without such evidence, the plaintiff failed to establish that Walsh had express or apparent authority to lease vehicles or to modify the rental agreement entered into by Cargill and Stachura.

On the basis of the foregoing, we conclude that the court properly granted Cargill's motion for a directed verdict.[8]

## II

After the court granted the directed verdict in favor of Cargill, the jury returned a verdict in favor of the plaintiff as against Falco in the amount of $40,000. The jury also returned a verdict in favor of Cutler and Stalsburg. The plaintiff's second issue on appeal is that the

[8] In light of our conclusion that the court properly granted Cargill's motion for a directed verdict, we need not address Cargill's claim that in the event that a new trial is ordered, the court improperly denied its motion to amend its answer and assert a cross claim against Falco for indemnification.

court improperly allowed her to be questioned concerning prior bad acts or misconduct when the defense counsel did not have a good faith basis for inquiring about such issues, and such issues were highly prejudicial in relation to their probative value. We disagree.

The following facts are necessary to our resolution of the plaintiff's claim. Prior to the start of evidence, the plaintiff filed a motion in limine, seeking to preclude the admission of evidence that she had ever engaged in shoplifting. The court denied the motion. Cutler and Stalsburg filed a pleading titled, "Motion Regarding Questioning of Heidi Schimmelpfennig," in which they requested permission to question the plaintiff on cross-examination regarding her involvement in a larceny that occurred on June 15, 1995. The court granted that motion and indicated that the defendants would not be allowed to introduce extrinsic evidence in that regard. During cross-examination of the plaintiff at trial, counsel for Cutler and Stalsburg asked the plaintiff whether merchandise found in the trunk of the car driven by Falco had been shoplifted. The plaintiff denied that the merchandise had been shoplifted,[9] and counsel proceeded to question her on issues unrelated to shoplifting. No curative instruction was requested, and none was given. The plaintiff argues on appeal that she suffered "harmful prejudice" by that line of questioning because the basis for it was unreliable and because prejudice was planted in the jurors' minds concerning her allegedly bad character. We disagree with the plaintiff.

---

[9] The questioning on the topic of the shoplifting was as follows:

"Q. Isn't it a fact that after this accident, the trunk of that car was cleaned out and merchandise was found in that trunk that was not in bags, and it had the tags still attached and it was merchandise that you had shoplifted?

"A. Absolutely not. No.

"Q. You deny that?

"A. I definitely deny that."

"The right to cross-examine a witness concerning specific acts of misconduct is limited in three distinct ways. First, cross-examination may only extend to specific acts of misconduct other than a felony conviction if those acts bear a special significance upon the issue of veracity . . . . Second, [w]hether to permit cross-examination as to particular acts of misconduct . . . lies largely within the discretion of the trial court. . . . Third, extrinsic evidence of such acts is inadmissible." (Internal quotation marks omitted.) *State* v. *Chance*, 236 Conn. 31, 60, 671 A.2d 323 (1996); see also *Martyn* v. *Donlin*, 151 Conn. 402, 408, 198 A.2d 700 (1964) ("[i]n an attack on [an adversary's] credit, inquiry may be made, in the discretion of the court, as to particular acts of misconduct tending to show a lack of veracity, even though such evidence might be irrelevant to the issues in the case"); Conn. Code Evid. § 6-6 (b). "It is generally held that larcenous acts tend to show a lack of veracity. . . . It does not follow, however, that if the acts inquired about are indicative of a lack of veracity, the court must permit the cross-examination. Whether to permit it lies largely within the court's discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Martin*, 201 Conn. 74, 87, 513 A.2d 116 (1986).

In the present case, on the basis of deposition testimony of Stachura, counsel for Cutler and Stalsburg had a good faith basis for inquiring into the possibility that the plaintiff had shoplifted just prior to the accident on June 15, 1995. Stachura had stated in his deposition that he believed that the plaintiff and Falco had been shoplifting on the date of the accident. Although the plaintiff claims that she was prejudiced by that questioning, she did not request a curative or limiting instruction, and there was no further mention of shoplifting. Further, although the plaintiff claims that the inquiry tainted her credibility in the eyes of the jury,

the jury awarded her $40,000 in damages. We conclude, therefore, that the court did not abuse its discretion in permitting counsel for Cutler and Stalsburg to question the plaintiff on prior misconduct reflecting on her credibility.

The judgment is affirmed.

In this opinion the other judges concurred.