[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
On June 13, 1998, the plaintiff Vivian M. Fojtik was driving on Route 5/15 in Berlin, Connecticut with the plaintiff Kim Baran as a passenger when they were allegedly hit and injured by a vehicle owned by National Car Rental System, Inc., d/b/a/ Barberino Rental Corporation and driven by the defendant Tonia R. Hunter. The parties agree that the Hunter's driver's license had been suspended. As a result of that suspension, the insurance carrier for National, Empire Fire and Marine Insurance Company (Empire), denied coverage for Hunter (although it has provided coverage to Barberino.) The plaintiffs have also sued the defendant Government Employees Insurance Company (GEICO) under the plaintiff Fojtik's uninsured motorist's coverage. The defendant National has now filed a motion for summary judgment seeking a determination that it is not liable to the plaintiffs pursuant to General Statutes § 14-154a[1] because the defendant Hunter's license suspension violated the terms of the leasing contract. The defendant GEICO also seeks summary judgment alleging that as long as Empire is providing coverage to National, that vehicle is not uninsured. The plaintiffs argue that if National's motion is granted, then GEICO's must be denied.
 A.
Addressing National's motion first, this court finds that National's motion for summary judgment must be granted. In Pedevillano v. Bryon,231 Conn. 265, 268, 648 A.2d 873 (1994), the court rejected an attempt to hold a leasing company liable when the driver of the leased vehicle was an unauthorized driver stating, "We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability, as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of itpursuant to the terms of the contract of rental." (Citations omitted; emphasis added; internal quotation marks omitted.) The court further stated that, "[t]he statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id., 270. Condition two of the lease agreement required CT Page 9955 Tonia Hunter to be "a capable and validly licensed driver, 25 years of age or older." In her affidavit she has admitted that her license was under suspension and thus it is clear she was in violation of the terms of the lease agreement at the time of the accident; she did not have possession of the vehicle in accordance with the lease agreement. This finding is consistent with that of Judge Dunnell in McEvoy v. Moriarty,1998 Ct. Sup. 132 14-17 (Dunnell, J., Nov. 13, 1998) and Judge Lewis inRider v. VW Credit, Inc., 1996 Ct. Sup. 5252-UUU, XXX (Lewis, J. Aug. 7, 1996), aff'd 45 Conn. App. 915 (1997). See also, Schimmelpfennig v.Cutler, 65 Conn. App. 388, 783 A.2d 1033 (2001); Blackwell v. Bryant,45 Conn. App. 26, 692 A.2d 862 (1997). It should also be noted that this is not a case in which Hunter had lawful possession and then acted negligently or improperly by, for example, operating the vehicle while intoxicated. By misrepresenting her license status, she never had lawful possession. Finally, to the extent there is any issue as to whether the other occupant Litrina Anthony was driving, this court notes that as Anthony was only 22 years of age, he was not allowed to drive the vehicle under the terms of the agreement.
 B.
GEICO's motion for summary judgment must be denied as the Hunter vehicle is deemed to be an uninsured vehicle. Under GEICO's policy, section IV, paragraph 7, an "uninsured motor vehicle" is defined as:
 a vehicle, including a motorcycle or trailer of any type, which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the financial responsibility laws of the state in which the insured auto is principally garaged at the time of the accident. This term also includes an auto whose insurer is or becomes insolvent or denies coverage.
Additionally, as noted by the plaintiffs, that same paragraph states that:
 Under this coverage, we will pay damages for bodily injury caused by an accident which the insured is legally entitled to recover from the owner or the operator of an uninsured or underinsured motor vehicle or a hit and run auto arising of the ownership, maintenance, or use of that motor vehicle.
Thus, GEICO must, under the terms of the policy, which is in accordance with the requirements of General Statutes § 38a-336[2] provide coverage as the Hunter vehicle was uninsured. "When the tortfeasor's auto CT Page 9956 insurance denies coverage . . . then the tort victim is faced with an uninsured motorist. . . ." (Internal quotation marks omitted.) Mills v.Colonial Penn Insurance Co., Superior Court, judicial district of New Haven, Docket No. 430590 (October 17, 2000, Blue, J.) "[A] genuine issue of fact exists as to the applicability of the uninsured motorists coverage benefits under the . . . [plaintiff's] automobile insurance policy." Corley v. Bullard, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 373674 (September 20, 2001, Thim J.)
So ordered.
Berger, J.