[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT FILED BY VARIOUS DEFENDANTS
The plaintiff has brought the present action seeking to recover monetary damages as a result of injuries sustained in a motor vehicle accident. The amended complaint alleges that the plaintiff was a passenger in a vehicle operated by defendant Miller who was involved in a collision with a vehicle operated by defendant Alessandra A. Mutone. The plaintiff instituted suit against Maria Mutone and Sabato Mutone, parents of Alessandra Mutone, asserting liability under the family car doctrine. The plaintiff also named defendant, Volvo Finance North America, Inc. (VFNA), under General Statutes § 14-154a, as owner of a vehicle leased to defendant Maria Mutone.
The defendant VFNA asserts that the evidence in the case establishes that the defendant Alessandra Mutone was an unlicensed driver and took the vehicle without her parents permission and was so operating the vehicle at the time of the accident. VFNA asserts that an unlicensed driver is not an authorized driver and therefore it cannot be held liable under the car rental statute. The lease from VFNA to Maria Mutone contains the following provision:
Section 13 entitled Usage: "I agree not to use or permit the use of the Vehicle . . . (d) by an unlicensed driver. . . .
General Statutes § 14-154a provides:
"Liability of owner for damage caused by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have CT Page 13374 been liable if he had also been the owner."
The purpose of General Statute § 14-154a is "not primarily to give the injured person a right of recovery against the tortious operator of the car, but to protect the safety of traffic upon highways by providing incentive to him who rented motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented vehicles. Fisher v. Hodge, 162 Conn. 363,369, 294 A.2d 577 (1972). With respect to the statute our Supreme Court has stated: "We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." (Internal quotation marks omitted.) Pedevillanov. Byron, 231 Conn. 265, 268, 648 A.2d 873 (1994); see alsoSchimmelpfennig v. Cutler, 65 Conn. App. 388, 393, 783 A.2d 1033, cert. denied, 258 Conn. 934, 785 A.2d 230 (2001); Blackwell v. Bryant,45 Conn. App. 26, 30, 692 A.2d 862 (1997). The Court further stated that, "[t]he statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." (Internal quotation marks omitted.) Pedevillano v.Byron, supra, 231 Conn. 270. Under the VFNA lease, various individuals could operate the vehicle in accordance with the terms of the lease. The lease, however, specifically states that while the vehicle is entrusted to the defendant, Maria Mutone, she agreed that it could not be used "by an unlicensed driver". Alessandra Mutone, an unlicensed driver, could not have been "in lawful possession of [the vehicle] pursuant to the terms of the contract of rental." Pedevillano v. Byron, supra, 231 Conn. 268.
Since Alessandra Mutone was not an authorized driver under the VFNA lease, the Motion for Summary Judgment filed by the defendant VFNA, is hereby granted.
The defendants Sabato and Maria Mutone move for summary judgment claiming that their daughter Alessandra Mutone, took the vehicle without their permission and therefore cannot be held liable, as a matter of law, for any damages that may be found due to the plaintiff. Sabato Mutone further asserts that he was not the lessee of the vehicle and accordingly has no connection to the car.
General Statutes § 52-182 provides as follows: CT Page 13375
 "Proof that the operator of a motor vehicle . . . was the husband, wife, father, mother, son, or daughter of the owner shall raise a presumption that such motor vehicle . . . was being operated as a family car . . . within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption."
Our courts have held that the statute goes further than merely establishing a presumption "in that it expressly places upon the defendant the burden of introducing evidence to rebut the presumption created by the statute. Morever, the presumption is not ousted simply by the introduction of any evidence to the contrary. Indeed, . . . [t]he presumption ceases to be operative [only] when the trier finds proven facts which fairly put in issue the question . . .; if no evidence relevant to the issue is produced, or, if the countervailing evidence is produced but the trier does not believe it, the presumption applies and the plaintiff is entitled to have the issue found in his favor." (Citation omitted; internal quotation marks omitted.) Jancura v. Szwed,176 Conn. 285, 290, 407 A.2d 961 (1978). Thus, not only must there be evidence which rebuts the presumption, but such evidence must be credited by the trier of fact.
With respect to the claim that Sabato Mutone is not the lessee of the vehicle, it is his control over the use of the vehicle rather than legal title, that is dispositive. Cook v. Nye, 9 Conn. App. 221, 226, 518 A.2d 77
(1986).
Accordingly the Motion for Summary Judgment filed by defendants Sabato and Maria Mutone is denied.
RUSH, J. CT Page 13376