[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FACTS
This case arises out of an automobile accident that occurred on August 16, 2002. The plaintiff, Ryan Sheehan, filed a six count second amended complaint on July 2, 2002, against the defendants, Phyllis Donkor, Grace Bester and Blue Ridge Insurance Company. The complaint alleges in all counts that the plaintiff incurred damages because of the negligence of the defendants Donkor and Bester. The plaintiff alleges that the defendant Donkor was negligent in the operation of her motor vehicle, which struck the rear of a parked truck from which the plaintiff was removing lawn equipment, causing the plaintiff to fall violently to the ground and suffer physical and mental injuries. The plaintiff further alleges that the defendant Bester was negligent in the operation of her motor vehicle, which struck the rear of the defendant Donkor's motor vehicle causing said vehicle to strike the parked truck from which the plaintiff was removing lawn equipment. The defendant Bester filed an amended answer and special defense on July 5, 2002. In her special defense, the defendant Bester alleges that the plaintiff himself was negligent and that his negligence was a substantial factor in causing the accident.
On July 3, 2002, the defendant Bester filed an amended apportionment complaint against the apportionment defendant, Daniel Marino, the owner of the truck from which the plaintiff was removing lawn equipment. The apportionment complaint alleges that on August 16, 2001, the plaintiff had permission to use the apportionment defendant's truck and that the apportionment defendant had knowledge that the plaintiff was using said truck. It further alleges that the apportionment defendant is liable under General Statutes § 52-183 for the negligence of his agent and servant, the plaintiff.
On July 31, 2002, the plaintiff filed a motion to strike the apportionment complaint. The plaintiff also filed a memorandum in support of his motion to strike pursuant to Practice Book § 10-42. On August 23, 2002, the defendant/apportionment plaintiff Bester timely filed a CT Page 937 memorandum of law in opposition to the motion to strike pursuant to Practice Book § 10-42.
The plaintiff moves to strike the apportionment complaint[1] on the ground that "an apportionment of liability may not be asserted under the circumstances of this case to further an argument of comparative negligence." (Plaintiff's Motion to Strike, p. 1). The plaintiff argues in his supporting memorandum of law that because the defendant/apportionment plaintiff Bester alleges that the plaintiff is responsible for his own negligence and that the apportionment defendant is vicariously liable for said negligence, and because the plainti ff cannot recover against himself, Bester's argument is merely one of comparative negligence.
The defendant/apportionment plaintiff Bester argues in Opposition that her apportionment complaint does not further an argument of comparative negligence, which, Bester maintains, she properly asserted as a special defense. She argues that her apportionment complaint will not cause a reduction from the plaintiff's potential award (as would a finding of comparative negligence) and that the apportionment defendant "is a necessary party to a full and final determination of the interests of the parties before the court." (Memorandum in Opposition to Motion to Strike, p. 2).
General Statutes § 52-102b provides in relevant part: "(a) A defendant in any civil action to which 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability."
In the present case, the amended apportionment complaint requests an apportionment of liability and damages as between the defendant/apportionment plaintiff Bester and the apportionment defendant Marino. The defendant/apportionment plaintiff Bester states in her memorandum of law in Opposition to the motion to strike, however, that "[t]he Apportionment Complaint alleges that if Grace Bester is found legally liable for a portion of Ryan Sheehan's damages that Daniel Marino is liable to her." (Memorandum in Opposition to Motion to Strike, p. 1.) This is indemnification language. See General Statutes § 52-102a; Practice Book § 10-11. The defendant/apportionment plaintiff Bester further states: "If the defendant, Grace Bester, is found liable at all for any damages to the plaintiff, Ryan Sheehan, then the Apportionment Complaint alleges that Daniel Marino as owner of the motor vehicle involved in the collision is liable to pay her apportionate [sic] share." CT Page 938 (Memorandum in Opposition to Motion to Strike, p. 2.) The defendant/apportionment plaintiff Bester's argument is without merit.
"[General Statutes §] 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the agent and servant of the owner of the motor vehicle and operating it in the course of his employment." (Internal quotation marks omitted.) Schimmelpfennig v. Cutler,65 Conn. App. 388, 392, 783 A.2d 1033, cert. denied, 258 Conn. 934,785 A.2d 230 (2001). "[T]he theory of respondeat superior attaches liability to a principal merely because the agent committed a tort while acting within the scope of his employment." (Internal quotation marks omitted.) Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 505,656 A.2d 1009 (1995).
"Under the doctrine of respondeat superior, the master becomes responsible for the same act for which the servant is liable, and for the same consequences. . . . The negligence of the parties is indivisible because it is singular and identical. The law imposes joint and identical responsibility for the same identical act of negligence. The act and hence the responsibility being one and the same, it is identical, indivisible, and hence incapable of being apportioned." (Citation omitted: internal quotation marks omitted.) Falcon v. Deerfield WoodsCondominium Association, Superior Court, judicial district of New Haven at New Haven. Docket No. CV 98 0418521 (December 18, 2000, Zoarski,J.T.R.). "The principal's liability is not based on his own personal negligence but on the negligence of his agent. Although the principal and the agent may both be liable for the wrong, there is only one set of negligence — that of the agent. Since there are not separate acts of negligence by the principal and the agent, there is nothing to apportion. " Riggione v. Kmart Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. CV 99 0425255 (January 11, 2000,Alander, J.).
In the present case, because "there is only one set of negligence — that of the agent"; id.; the apportionment defendant cannot be made to pay the plaintiff for the plaintiff's negligence. An apportionment defendant cannot be liable to the plaintiff for a share of the plaintiff's damages when the liability of the apportionment defendant stems from vicarious liability for the plaintiff's own negligence. The plaintiff's motion to strike the defendant/apportionment plaintiff Bester's amended apportionment complaint therefore is granted.
 BY THE COURT ___________________ Kocay, J. CT Page 939