[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
This cases arises from an automobile accident that occurred on July 17, 2000, in Newtown, Connecticut. It is undisputed that the plaintiff, Melissa Grossman (Grossman), was operating a vehicle which collided with the vehicle that the defendant, Robert Belville, was driving. The defendant, Elrac, Inc. (Elrac), owned the latter vehicle and had leased it to David Belville. Grossman filed a three-count complaint seeking monetary damages against Robert Belville in the first count, Elrac in the second count and Hartford Casualty Insurance Company (Hartford) in the third count. Grossman's claim against Elrac is based on its alleged liability to him under either a theory of a presumed agency between Elrac, as the car owner, and Robert Belville, as the operator, pursuant to General Statutes § 52-183[1] and/or its liability as the owner of a car that was leased or rented pursuant to General Statutes §14-154a.[2] Elrac has now moved for summary judgment as to count two claiming that there was not an agency relationship between the parties under § 52-183, and that Robert Belville was not an authorized driver and not lawfully in possession of the vehicle at the time of the accident and therefore it cannot be held liable to the plaintiff under General Statutes § 14-154a. Hartford filed a memorandum in opposition to Elrac's motion.
 DISCUSSION
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in CT Page 2907 the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46] . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v.Washington, 258 Conn. 553, 559-60, 783 A.2d 993 (2001). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.)Pion v. Southern New England Telephone Co., 44 Conn. App. 657, 663,691 A.2d 1107 (1997).
"[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co.,259 Conn. 527, 550, 791 A.2d 489 (2002).
"Section 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The presumption ceases to operate, however, when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff . . ." (Internal quotation marks omitted.) Schimmelpfennig v. Cutler,65 Conn. App. 388, 392, 783 A.2d 1033, cert. denied, 258 Conn. 934,785 A.2d 230 (2001). Thus the statute "does not create a statutory basis for the strict liability of a rental car owner, as does General Statutes § 14-154a . . ." Landers v. Schwartz, Superior Court, judicial district of Hartford, Docket No. 595398 (September 19, 2000, J. Rubinow) (28 CLR 147, 150).
The defendant has presented sufficient evidence to rebut the presumption of agency in § 52-183 thereby shifting the burden to show evidence of a master/servant relationship to the opposing party. Specifically, Elrac has provided an affidavit of Steve Marrone, a liability claims administrator for Elco Administrative Services which serves as the adjuster of claims for Elrac. In the affidavit Marrone states, "Robert Belville was not the agent, servant or employee of Elrac, Inc., and was not in the act of furthering the interests of CT Page 2908 Elrac, Inc. at the time of the subject accident." Elrac further provides a copy of the actual Enterprise rental contract[3] between Elrac and David Belville.[4] This contract provides evidence that Elrac and David Belville entered into a rental agreement and does not show that they had an employee/employer relationship. This evidence is sufficient to rebut the presumption of agency and shifts the burden of establishing an agency relationship to the parties opposing summary judgment. Furthermore the plaintiff has presented no evidence as to the existence of any such relationship. Therefore, the court should grant summary judgment as to Elrac's liability under § 52-183.
The court also grants summary judgment as to the plaintiff's claim that Elrac is liable to her under § 14-145a. Although § 14-154a
imposes strict liability on those who lease cars to others, the lessor's liability is not unconditional. "We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." (Internal quotation marks omitted.) Pedevillano v. Bryon, 231 Conn. 265, 268, 648 A.2d 873
(1994). In the present case Elrac has provided evidence that Robert Belville was not authorized to drive the vehicle under the terms of the rental agreement. Specifically, in his affidavit, Marrone states that Elrac did not authorize Robert Belville to operate the vehicle and had no knowledge that he would drive it. Furthermore, the rental contract specifically lists David Belville as the driver, and in the section entitled "additional drivers," it states, "none permitted without Enterprise's approval" and the words "no other driver permitted" were added to that section.
Hartford argues that there is a question of fact as to whether Robert Belville and David Belville are the same person, however, it provides no evidence in support of its argument. "It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., supra, 259 Conn. 550. Based on the foregoing, Hartford has not met its burden of showing that there is no genuine issue of fact that Robert Belville was not an authorized driver. Thus Elrac cannot be held liable for his actions under § 14-154a, as a matter of law. Therefore, Elrac's motion for summary judgment is granted as to its liability under this statute. CT Page 2909
 CONCLUSION
For the foregoing reasons, Elrac's motion for summary judgment as to count two is granted.
White, J.